8728

HARRISON v. DUNLAP.

DEEDS—DELIVERY—FRAUD.—The findings by the Circuit Judge and referee in this case that a deed executed by an aged and infirm lady to her son was never delivered or intended to be delivered and that the presumption of fraud arising from the relationship of the parties had not been rebuttted, are held to be amply supported by the evidence. In such case the appellant must satisfy the Court that the preponderance of the evidence is against the findings below.

Before FRANK B. GARY, J., York, May 1913.   Affirmed.

Action by Mary A. Harrison *et al.* against Ida Dunlap *et al.*   Defendant, Thos. F. Dunlap, appeals.

*Messrs. J. S. Brice* and *Witherspoon & Spencers,* for appellant, cite: *The law of delivery:* 83 S. C. 341; 5 Rich. 189; 10 Rich. Eq. 217; 4 Kent. 456; 53 A. S. R. 536; 44 S. C. 373; 23 S. C. 91; 61 A. S. R. 176; 89 S. C. 347; 96 A. S. R. 312; 50 A. S. R. 189.   *Evidence of grantee's wife competent:* 47 S. C. 492; 89 S. C. 350; 26 S. C. 163; 30 S. C. 284.   *Delivery made out:* 95 S. C. 331; 93 S. C. 450. *No presumption of fraud:* 89 S. C. 272.

*Messrs. Finley & Marion* and *W. W. Lewis,* contra.

*Messrs. Finley & Marion* cite: *As to concurrent findings by Circuit Judge and referee:* 44 S. C. 371; 22 L. R. A. 154; 3 Cyc. 394; 1 S. C. 101; 11 S. C. 33, 548; 12 S. C. 612; 14 S. C. 473; 15 S. C. 515; 16 S. C. 410, 631; 17 S. C. 339; 18 S. C. 25; 19 S. C. 601; 23 S. C. 445; 24 S. C. 450; 58 S. C. 240; 94 S. C. 81.   *Presumption of fraud from fiduciary relationship:* 1 Story Eq., sec. 218, p. 197; Adams' Equity 184; 57 S. C. 413; 11 Wheat 123; 61 S. C. 504.   *As to delivery:* 24 S. C. 596; Rice Eq. 243; 13 Cyc. 560; 44 S. C. 37; 23 S. C. 90; Dud. Eq. 14; 80 Me. 207; 121 Ill. 91; 101 Ill. 429; 11 S. C. 56; 9 S. C. 249; 13 Cyc. 562, 563-4;

12 L. R. A. 173; 13 L. R. A. 65; 16 S. C. 63; 95 Mo. 300; 16 L. R. A. 469; 6 Paige 54. *Deed is not conclusive of delivery:* 22 L. R. A. 154; 9 S. C. 234; 3 Strob. Eq. 107. *Nor does registration show delivery:* Rice Eq. 244. *Deed is not a covenant to stand seized for uses:* 14 Rich Eq. 275; 24 S. C. 235; 84 S. C. 464.

January 17, 1914. The opinion of the Court was delivered by

MR. JUSTICE WATTS. This was an action to vacate a deed of real estate lying in the county of York alleged to have been made by Nancy C. Dunlap, deceased, to her son, Thomas F. Dunlap, on December 8, 1906. All of the parties to the cause, plaintiffs and defendants, except Thomas F. Dunlap, joined in the prayer of the complaint to set the deed aside. The complaint in substance alleges that Thomas F. Dunlap procured the deed in question from his mother, who was old, blind, infirm, and incapacitated, by misrepresentation, fraud and deceit. That she could not conduct her business affairs, that there never was a delivery of the deed in question, nor was there any intent to deliver the deed in the lifetime of the grantor, Nancy L. Dunlap. That Nancy L. Dunlap died August 13th, 1907. That the deed was recorded August 17th, 1907. Thomas L. Dunlap by his answer denies the material allegations of the complaint and alleges that it was the intention of Nancy L. Dunlap that he should have all of her property, that he was her only living son, that she resided with him, "and on whom she leaned and depended in the last years of her life." All issues of law and fact in the case by consent were referred to J. Harry Foster, Esq., who filed his report by which he found the deed in question was never delivered or intended to be delivered, and that the relationship of the parties thereto raised a presumption of the invalidity of the transaction, and that this presumption had not been rebutted by the testimony.

Exceptions were duly filed to this report, and the case heard by his Honor, Frank B. Gary, who, by his decree duly filed, overruled all of the exceptions, and confirmed the report of the referee. The defendant, Thomas F. Dunlap, appeals and questions the correctness of this decree.

The exceptions are: 1. Error, holding that the relations between grantor and grantee here, at the time of the deed, was fiduciary in character.

2. Error, holding that the existence of such relations raises the presumption of fraud on the grantee's part which must be rebutted by the testimony.

3. Error, holding that the presumption of fraud having been raised by the fiduciary relations found, the same was not rebutted by the testimony.

4. Error, not holding that even if the presumption of fraud was raised by fiduciary relations, it had effectually been rebutted, the particular error here being that because there having been no evidence of fraud aside from the mere presumption, any positive showing to the contrary was sufficient to rebut such presumption, and the Court should have so held.

5. Error, holding that according to the testimony the deed in question was not delivered and was not intended to be delivered, and not holding the contrary, the particular error here being that because there was sufficient evidence of delivery, and because in the language of the decree, it was at least the intention of the grantor "to sign an instrument that would enable her to hold on to the place during her lifetime, and at her death would enable Tommie to get it," the mere fact that the instrument signed did not have that effect could have no bearing upon the question of delivery, but only upon the right of reforming the instrument that had been delivered, and the Court should have so held.

We have a concurring finding by the referee and the Circuit Judge that the deed of Nancy L. Dunlap to her son, Thomas F. Dunlap, was never delivered or intended to be

delivered, and that a presumption of fraud arose from the relationship of the parties, and that this presumption had not been rebutted by the testimony. We cannot say that the conclusion of the referee, concurred in by the Circuit Judge that there was no delivery or intention to deliver, the deed, should be reversed, after a careful examination of the testimony as to what is necessary and essential to constitute a delivery as laid down in *Carrigan* v. *Byrd,* 23 S. C. 90; *Coln* v. *Coln,* 24 S. C. 596; *Johnson* v. *Johnson,* 44 S C. 37, 22 S. E. 419; *Merck* v. *Merck,* 83 S. C. 341, 65 S. E. 347.

The second proposition raised the question that there was no presumption of fraud, and that the relations of the parties taken altogether furnished no basis for such presumption, and that there was no other proof but that if there was any such proof by presumption or otherwise it was entirely rebutted by the proof and his Honor erred in not so finding and concluding.

An inspection of the testimony in the case is sufficient to sustain the findings of referee and Circuit Judge applying the facts to the law as laid down in *Way* v. *Insurance Co.,* 61 S. C. 504, 39 S. E. 742; *Devlin* v. *Devlin,* 89 S. C. 268, 71 S. E. 966.

The appellant should satisfy this Court by the preponderance of the testimony that his Honor was in error in his findings of fact and this he has failed to do. The findings of the Circuit Judge are not without evidence to support them, but on the contrary the evidence is ample and sufficient and this Court would not be warranted in reversing the decree. *Allen* v. *Petty,* 58 S. C. 240, 36 S. E. 586; *Hickson Lumber Co.* v. *Stallings,* 91 S. C. 473, 74 S. E. 1072; *Leland* v. *Morrison,* 92 S. C. 511, 75 S. E. 889; *Anderson Hardware Co.* v. *Gray,* 94 S. C. 81.

The exceptions are overruled.

Judgment affirmed.