### 9912

#### TURNER *ET AL.* v. CLARK *ET AL.*

#### (95 S. E. 334.)

ACTION—MISJOINDER OF CAUSES OF ACTION—STATUTE.—Under Code Civ. Proc., sec. 166, providing that all parties having an interest in the subject of the action, and in obtaining the relief demanded, may be joined as plaintiffs, except as otherwise provided, and section 168, providing that of the parties to the action those united in interest must be joined as plaintiffs or defendants, where, in an action for partition, the land was sold to one who gave bonds for unpaid portions of the purchase price, all of the bonds being secured by one mortgage, and under order of the Court the master assigned the bonds and mortgage to the parties according to their interests, the three causes of action of the assignees of the bonds, default having been made in payment, to recover judgment thereon and to foreclose the mortgage, were not misjoined in one action, on the ground that all the plaintiffs were not united in interest in each of the bonds.

Before SMITH, J., Richland, Summer term, 1916. Affirmed.

Defendants demurred to the complaint for misjoinder of causes of action. From order overruling the demurrer, they appeal.

*Mr. H. N. Edmunds,* for appellants, cites: Jones on Mortgages, section 1378; 9 Iowa 297; 14 Kansas 387.

*Mr. Jas. S. Verner,* for respondents, cites: Code of Procedure, section 168; Pomeroy's Remedies and Remedial Rights, p. 299; 26 S. C. 474; Code 138; Pom. Rem. 248,

257; 9 Rich. Eq. 318; 1 S. C. 279; 37 S. C. 520; 43 S. C. 66; 64 S. C. 221; 105 S. C. 525; 78 S. C. 302; 24 S. C. 39; 1 Bailey 13; Enc. P. & P., vol. 15; 528 Pom. Rem. 442, 447; 15 S. C. 10; Pom. Rem. and Rem. Rights (2d ed.), p. 398.

March 4, 1918.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

In an action for partition between *James E. Turner et al. v. Marion E. Turner et al.* the lands were sold to the defendant, Clark, who gave the master several bonds, in different amounts, for unpaid portions of the purchase price. All of the bonds were secured by one mortgage of the lands sold.

Under order of the Court the master assigned the bonds and mortgage to the parties according to their interests. In doing so he assigned one bond for a specific amount to Marion E. and Margaret S. Turner, and another, for a different amount, to the other parties, and assigned the mortgage to all the parties.

Default having been made in payment of the bonds, the assignees thereof brought this action to recover judgment thereon and to foreclose the mortgage. They set up three causes of action, which are identical, except in the amount of the bonds and description of the separate lots. The defendant, Carolina-Georgia Investment Company, is the present owner of the lands, having purchased them from the defendant, Clark.

The defendants demurred to the complaint for misjoinder of causes of action, on the ground that all the plaintiffs are not united in interest in each of the bonds, since Marion E. and Margaret S. Turner own in their own right a certain bond, and have no interest in the bonds owned by the other plaintiffs, who own in their own right certain other bonds, and have no interest in those owned by Marion E. and Margaret S. The demurrer was overruled, and defendants appealed.

The ruling of the Circuit Court was clearly right.    Section 166 of the Code of Civil Procedure provides that: "All persons having an interest in the subject of the action, and in obtaining the relief demanded, may be joined as plaintiffs, except as otherwise provided in this title."

There is no other provision in that title which prevents the joinder of the plaintiffs in this action.    On the contrary, there are other provisions which sanction it, particularly section 168, which says: "Of the parties to the action, those who are united in interest must be joined as plaintiffs or defendant," etc.

Now, while it is true that all the plaintiffs have no joint interest in all the bonds, yet they all have such an interest in the subject of the action and in obtaining the relief demanded.    They are united in interest in the mortgage and in the foreclosure of it and in the proceeds of the sale of the mortgaged property.    From the viewpoint of equity there was but one cause of action and one subject of action, the foreclosure of the mortgage and distribution of the proceeds; the particular relief granted to each of the parties being mere incidents thereto and growing thereout.    Note that section 166 does not say that the plaintiffs must be "united in interest" in the subject of the action or in the relief demanded, but it says "all parties having an interest" therein, which means any interest therein.    Of course, that means such an interest, legal or equitable, as would make them proper parties to the action.

Defendants concede that the joint owners of any one or more of the bonds might have been united as plaintiffs, and the owners of the other bonds might have been made defendants, and, as such, the latter could have set up and had their rights and interests adjudicated.    What difference can it make to the defendants whether they are plaintiffs or defendants, if the result would be the same?    That would be a sacrifice of substance to form.    This is an action in equity, where the Court delights to do complete justice to

all parties interested in the subject of the action so as to avoid multiplicity of actions.

Though not directly in point, the cases cited by respondents sustain the ruling of the Circuit Court by analogy.

Judgment affirmed.