15567

PAGE *ET AL.* v. LEWIS *ET AL.*
LEWIS v. LEWIS *ET AL.*
(2 cases)

(26 S. E. (2d), 569)
(See also, 199 S. C., 490, 20 S. E. (2d), 107)

March, 1943.

*Messrs. Wright & Burroughs,* of Conway, S. C., and *Messrs. Woods & Woods,* of Marion, S. C., Counsel for Appellants,

*Messrs. Epps & Epps,* and *Mr. Cordie Page,* all of Conway, S. C., Counsel for Respondents, ▮

July 27, 1943.

Mr. Associate Justice Fishburne delivered the unanimous opinion of the Court:

This is another step in the case reported in 199 S. C., 490, 20 S. E. (2d), 107.

J. M. Lewis, prior to his death intestate, which occurred on November 4, 1942, instituted two suits, in which he sought by his amended complaints to set aside and cancel, on the ground of fraud and undue influence, certain deeds and assignments of mortgages made by him to the defendants; an accounting was demanded of the rents collected, and other equitable relief was prayed for.

Following the death of J. M. Lewis, the defendants moved for an order declaring the suits abated and dismissed upon the ground that the causes of action did not survive. The heirs-at-law of J. M. Lewis moved for an order before the Circuit Court substituting them and the administrator of the estate of J. M. Lewis as plaintiffs, and continuing the suits in their names. The lower Court overruled the motion of the defendants, and in a well-considered order granted

the motion of the heirs-at-law. The Court specifically held that the cause of action in each case survived the death of J. M. Lewis.

The same issues are common to both cases. The appeals have been consolidated by agreement of counsel for hearing in this Court, and our decision will be determinative of both cases.

The first question for decision is, does the right of a grantor to maintain a suit in equity to set aside and cancel deeds and assignments executed by him, affecting realty and personalty, upon the ground of fraud and undue influence, survive to his administrator and heirs-at-law.

The appellants take the position that no causes of action survive the death of the original injured party except those provided for in Section 419 of the Code of 1942. Under this contention it follows as a necessary corollary that unless the respondents can show that their causes of action are included in those enumerated in the Code section, they have no standing in Court. As suggested by respondents in their brief, this is tantamount to saying that until our survival statute was passed, no causes of action whatever survived.

Section 408, 1942 Code, provides in part: "No action shall abate by the death, marriage, or other disability of a party, or by the transfer of any interest therein, if the cause of action survive or continue. In case of death, marriage, or other disability of a party, the Court, on motion, at any time within one year thereafter, or afterwards, on a supplemental complaint, may allow the action to be continued by or against his representative or successor in interest. * * *"

Under the rule of the common law, the only causes of action that do not survive the death of either party, plaintiff or defendant, are causes of action *ex delicto*. Due to the harshness and injustice of the common-law rule that a personal right of action dies with the person, statutes have been enacted in many states, including our own, with the purpose in view of alleviating the stringency of the common-law rule as to the survival of causes of action.

These statutes add to, but do not diminish the classes of causes of action which survive at common law. The nature and substance of the cause of action, rather than the form of the remedy, determine its ability to survive. 1 C. J. S., Abatement and Revival, § 113, page 180.

Section 419 of the Code provides as follows: "Causes of action for and in respect to any and all injuries and trespasses to and upon real estate and any and all injuries to the person or to personal property, shall survive both to and against the personal or real representative (as the case may be) of the deceased persons, and the legal representatives of insolvent persons, and defunct or insolvent corporations, any law or rule to the contrary notwithstanding."

The causes of action above enumerated are tort actions for wrongs to the person or property of another. This statute merely adds to, but does not curtail those causes of action which survive at common law.

As a general rule, the maxim *"Actio personalis moritur cum persona,"* was not applied to cases falling within the jurisdiction of equity. 1 C. J. S., Abatement and Revival, § 134, page 182; 1 Am. Jur., Section 77, page 68.

The principle has been announced in cases too numerous to cite that causes of action for rescission or cancellation of a deed or contract for fraud descends to the heirs if they existed in the ancestor unimpaired at the time of his death. Annotations 2 A. L. R., 431; 33 A. L. R., 51; 1 C. J. S., Abatement and Revival, § 134, page 182; 12 C. J. S., Cancellation of Instruments, § 45, page 1016.

There are many cases in this jurisdiction in which heirs have maintained suits to set aside instruments executed by their ancestor, on the ground of fraud. *Pressley v. Kemp,* 16 S. C., 334, 42 Am. Rep., 635; *Du Bose v. Kell,* 90 S. C., 196, 71 S. E., 371; *Harrison v. Dunlap,* 96 S. C., 389, 80 S. E., 619; *Tuten v. McAlhaney,* 106 S. C., 328, 91 S. E., 328; *Tedder v. Tedder,* 108 S. C., 271, 94 S. E., 19, 2 A.

L. R., 438; *Carmichael v. Carmichael,* 110 S. C., 357, 96 S. E., 526.

The right of the heirs to maintain such suits in equity has not heretofore been questioned, and apparently the issue has not heretofore arisen. The right to maintain the actions is not discussed in the opinions, but the existence of such right was necessary to the relief granted.

In *Smith v. Linder,* 77 S. C., 535, 58 S. E., 610, 612, the question was indirectly touched upon. In this suit, which involved the cancellation of a deed fraudulently procured from the testatrix, the statute of limitations was pleaded. The Court had this to say: "The burden is upon the defendant to prove that the plaintiff, or the person under whom he claims, had knowledge of the fraud, or of such facts as would have led to the knowledge thereof, if pursued with reasonable diligence."

The case of *Bemis v. Waters,* 170 S. C., 432, 170 S. E., 475, 476, relied upon by the appellants, is not controlling. In that case the Court stated: "If Mrs. Austin had a cause of action against Mrs. Waters as, under the allegations of the complaint, she undoubtedly had, it was either in equity to have the deed to Mrs. Waters set aside, or it was for damages for the alleged fraud perpetrated upon her. But the complaint is not based upon either of these causes of action, although the theory of the complaint is that the plaintiffs derived their right to maintain the present action from the residuary clause of the will or by survival."

It is not suggested in the above case that either or both of such remedies did not survive; it was simply held that the plaintiffs had not based their claim upon either of these, but rather upon the claim that they were deprived of their right to inherit from their mother by the conduct of the defendant—a right which was never possessed by Mrs. Austin, and hence would not survive her death nor be the subject of disposition under her will.

In overruling the defendants' contention, we quote with approval the following from the circuit decree:

"If a cause of action in equity for the cancellation of a conveyance procured through fraud does not survive the death of the person who was thus defrauded, then any person could defraud a man out of his land or other property shortly before his death, or procure a deed from an insane person, and upon the death of the person thus defrauded, the perpetrator of the outrage could openly proclaim his own guilt without any fear of having to disgorge his ill gotten gains. To state such a proposition is to refute it."

It is contended by the appellants that if the causes of action survived, the Circuit Judge committed error in continuing the actions in the names of the heirs of J. M. Lewis and his administrator jointly. It is argued that the Court should have ordered the pending actions abated without prejudice to the right of the heirs and the administrator to bring their separate actions, upon the theory that any action relating to real estate would survive only to the heirs, and any cause of action affecting personal property would survive only to the administrator.

Support for this contention on the part of the appellants is based upon Section 487 of the Code, dealing with the joinder of causes of action, which provides that except in actions for the foreclosure of mortgages the causes of action united "must affect all the parties to the action."

We do not think that Section 487 of the Code is applicable to the present situation. These suits were commenced by J. M. Lewis in his lifetime. They were based upon the alleged fraud and undue influence practiced against him with reference to the execution of certain deeds to realty and the assignment of certain mortgages. The complaints allege but one cause of action.

It is provided in Section 408, Code of 1942, that if the cause of action survive it shall not abate by the death of a party, but may be continued by his representative or successor in interest.

Code Section 403 provides: "All persons having an interest in the subject of the action, and in obtaining the relief demanded, may be joined as plaintiffs, except as otherwise provided in this title."

The issue decided in the case of *Turner v. Clark,* 109 S. C., 132, 95 S. E., 334, is analogous to the case before us. In that case the Court said:

"The ruling of the circuit court was clearly right. Section 166 of the Code of Civil Procedure provides that: 'All persons having an interest in the subject of the action, and in obtaining the relief demanded, may be joined as plaintiffs, except as otherwise provided in this title '

"There is no other provision in that title which prevents the joinder of the plaintiffs in this action. On the contrary, there are other provisions which sanction it, particularly section 168, which says: 'Of the parties to the action, those who are united in interest must be joined as plaintiffs or defendants,' etc.

"Now, while it is true that all the plaintiffs have no joint interest in all the bonds, yet they all have such an interest in the subject of the action and in obtaining the relief demanded. They are united in interest in the mortgage and in the foreclosure of it and in the proceeds of the sale of the mortgaged property. From the viewpoint of equity there was but one cause of action and one subject of action, the foreclosure of the mortgage and distribution of the proceeds; the particular relief granted to each of the parties being mere incidents thereto and growing thereout. Note that section 166 does not say that the plaintiffs must be 'united in interest' in the subject of the action or in the relief demanded, but it says 'all parties having an interest' therein, which means any interest therein. Of course, that means such an interest, legal or equitable, as would make them proper parties to the action."

Ordinarily, where an action affects real property alone, it should be revived or continued after the death of the plaintiff, in the names of his heirs or

devisees, and not in the name of his personal representative. 1 C. J. S., Abatement and Revival, § 164, page 218. A continuance in the name of a personal representative is of course proper, however, where it is authorized by statute. Likewise, where the subject-matter of an action is personal property the general rule is that the action should be continued after the death of the plaintiff in the name of his personal representative unless otherwise provided by statute. 1 C. J. S., Abatement and Revival, § 163, page 218.

Section 408 of the Code makes no distinction between actions affecting realty and personalty. It generally provides that in the event of the death of a party, no cause of action surviving shall abate, but may be continued after the death of a party by his representative or successor in interest.

The prevailing rule seems to be that in an action affecting both realty and personalty of a deceased plaintiff, it should be revived and continued in the names of both the heirs and the personal representative, according to their respective interests. 1 C. J., Section 467, page 227; 1 C. J. S., Abatement and Revival, § 165, page 220; 1 Am. Jur., Section 176, page 112.

It cannot be denied that in the case at bar both the heirs and the administrator are successors in interest to the deceased, although in different relations. If, as provided by Code Section 408, an action may be continued in the name of either the heirs or the representative of the deceased, it is difficult to find any substantial reason why it should not be continued in the names of both, in accordance with their respective interests, where it affects both realty and personalty. The principal purpose of this section of our Code is to prevent the useless annoyance, delay, cost, and expense of bringing a new action, where the cause of action survives. And this would be intensified if it were necessary, as in a case of this kind, to institute two new and separate actions. Nor is it apparent that a continuation of the action in the names of the heirs and the

administrator could in any way prejudicially affect the interest of the defendants.

In our opinion, the judgment of the lower Court should be affirmed.

Judgment affirmed.

MESSRS. ASSOCIATE JUSTICES BAKER and STUKES, and CIRCUIT JUDGES T. S. SEASE and E. H. HENDERSON, ACTING ASSOCIATE JUSTICES, concur.