17705

J. Manning GOWAN, as Administrator of the Estate of Jerry GOWAN, Appellant, v. Z. L. THOMAS and his son, David Thomas, a Minor, Respondents.

(116 S. E. (2d) 761)

*Messrs. Johnson & Smith,* of Spartanburg, *for Appellant,*

*Messrs. Holcombe & Bomar* and *Simpson Hyatt,* of Spartanburg, *for Respondents,*

October 24, 1960.

STUKES, Chief Justice.

This appeal presents the single, sharp legal issue of whether funeral expenses are recoverable in an action under the survival statute, Section 10-209 of the Code of 1952, which follows in part:

"Causes of action for and in respect to * * * any and all injuries to the person * * * shall survive both to and against the personal or real representative * * *."

It is alleged in the complaint that plaintiff brought the action for the benefit of the estate of the deceased for the conscious pain and suffering that the deceased sustained as a result of an accident, and for the medical, funeral and other expenses and losses incurred because of the injury.

Upon defendant's motion the word "funeral" was stricken from the complaint and plaintiff appeals upon an exception which asserts that, quoting "funeral expenses are a proper element of damages in a pain and suffering action", with which we do not agree.

The survival statute was analyzed in *Claussen v. Brothers,* 148 S. C. 1, 145 S. E. 539, and it was held that the causes of action made to survive under the statute are those actions which the deceased person could have brought in his lifetime against the wrongdoer for injuries by him. The simplest logic dictates that there can be no recovery for funeral expenses in an action under the survival statute because one

cannot sue and recover for his own funeral expenses. The situation is reminiscent of the old gag, "Can a man legally marry his widow's sister?"

It was squarely held in *Petrie v. Columbia and Greenville R. R. Co.*, 29 S. C. 303, 7 S. E. 515, opinion by Mr. Justice McIver, that funeral expenses of the deceased which have been paid are a proper element of damages in an action for wrongful death. Surely the wrongdoer is not doubly liable for this element of damages, and apparently appellant would have him so. See in support of our conclusion the editorial comment in 7 A. L. R. 1355.

The foregoing holding of the *Petrie case* was reiterated in *Tollerson v. Atlantic Coast Line R. R. Co.*, 188 S. C. 67, 198 S. E. 164; and also in *Gomillion v. Forsythe*, 218 S. C. 211, 62 S. E. (2d) 297, 53 A. L. R. (2d) 169.

It is generally held elsewhere, as indicated by our above decisions, that funeral expenses are not recoverable in a survival action. Upon review of the decisions which are cited it is said in an annotation in 163 A. L. R. 253, at page 260: "Medical, surgical, and hospital bills, being such expenses as might have been recovered by deceased had he survived injury, may be recovered by his representative under a survival statute. * * * Conversely, funeral expenses may not be recovered under a survival statute by the representative of a deceased, since they would not have been an element of his damages had he survived injury."

In *Hillard v. Western & S. L. Ins. Co.*, 1941, 68 Ohio App. 426, 34 N. E. (2d) 75, 76, it was said that "in such an action by the administrator the damages are limited to damages for the injuries accruing during the lifetime of the decedent and do not comprehend damages for death resulting from such injuries, or funeral expenses occasioned by such death."

We find no error in the order under appeal.

Appellant also excepted to the striking from the record for appeal the statement that in a prior action for the alleged wrongful death of the deceased, which was decided adversely to the appellant, no demand for funeral expenses was made and no testimony thereabout was introduced. Appellant has not argued the exception and we take it to be abandoned. However, it may be added that we find no merit in it.

Affirmed.

TAYLOR, OXNER, LEGGE and MOSS, JJ., concur.