17739

Jesse W. BRABHAM, Appellant, v. MILLER ELECTRIC COMPANY
and International Brotherhood of Electrical Workers, AFL-CIO,
of which Miller Electric Company is, Respondent

(118 S. E. (2d) 167)

*Thomas C. Bradley, Jr.,* of Columbia, *for Appellant,*

*Messrs. Charles W. Knowlton* and *Boyd, Bruton & Lumpkin,* of Columbia, *for respondent,*

January 30, 1961.

LEGGE, Justice.

This is an action for damages alleged to have resulted from unlawful termination of plaintiff's employment in violation of the South Carolina Right to Work Law (48 Stat. at L. 1692). Plaintiff appeals from an order sustaining the defendant company's demurrer to the complaint.

The allegations of the complaint are, in substance, as follows:

In March, 1958, plaintiff, a member of the defendant union, was in the employ of the defendant company as a general foreman on a construction job in Lexington County.

On March 24, the journeymen electricians employed by the defendant company walked off the job and refused to work during the rest of that day and for several days thereafter. Plaintiff did not join in the walkout at any time; but on the afternoon of March 24, being told by the superintendent, Mr. Winters, that there would be no pay for the rest of that day, plaintiff and the other foremen left the job. Early next morning plaintiff went to the project site for the purpose of going to work as usual; he found a large number of men milling around the entrance gate, and, after waiting near the gate for a short while, he realized that no one was working or going to work, and therefore returned to his home. On the evening of the following day, in response to a message from Mr. Baker, the defendant company's assistant superintendent, he telephoned Mr. Baker, who told him to see Mr. Jones (the representative of the defendant union) and come back on the job. On the following day plaintiff went to see Mr. Jones at his headquarters in Columbia, but Mr. Jones refused to give him permission to return to the job, stating as his reason that plaintiff had engaged in the unauthorized walkout of March 24 and therefore was not in good standing with the union. Plaintiff then telephoned Superintendent Winters and informed him of Jones' refusal to approve his return to the job, whereupon Winters told plaintiff that they were doing all they could to get him back on the job, and that he, Winters, would see Jones about it. Later, plaintiff received a telephone call from Assistant Superintendent Baker to the effect that they hoped to be able to get him back on the job in a few days. Finally, on April 9, Superintendent Winters told plaintiff that he could not come back to work except with the union's approval. The defendant union has refused to approve him for employment because it considers him as not in good standing. The defendant company bases its refusal to permit him to return to work solely upon the ground that he has not been cleared through the defendant union. Plaintiff is informed and believes that the defendants

have an agreement whereby membership in good standing in the defendant union is required as a condition to employment or continued employment by the defendant company. The action of the defendants in thus conditioning employment, or continuance of employment upon clearance through and referral by the defendant union is in violation of the Act of March 19, 1954 (48 Stat. at L. 1692); and as the result of such action the plaintiff has sustained damage.

The defendant union answered; and this appeal is concerned only with the defendant company's demurrer and the order of the circuit court sustaining it. The demurrer was for insufficiency, charging that the complaint, on its face:

1. Showed no violation of the Right to Work Law, because it affirmatively showed that the plaintiff had not been discharged from membership in the defendant union;

2. Affirmatively showed that plaintiff had participated in a strike or walkout and that the defendant company therefore had valid ground for discharging him;

3. Failed to show that the defendant company was obligated by contract or law to hire the plaintiff or to continue his employment;

4. Affirmatively showed that the controversy was one exclusively within the purview of the Federal Labor Management Relations Act, 29 U. S. C. A. § 141 *et seq.,* and without the jurisdiction of the state courts; and

5. Failed to allege violation of any duty or obligation owed to the plaintiff by the defendant company.

The Act of March 19, 1954, which appears in the 1960 Supplement to the Code of Laws, 1952, as Sections 40-46 through 40-46.11, contains the following provisions pertinent to our inquiry here:

Section 1 (Code Supplement Section 40-46). It is hereby declared to be the public policy of South Carolina that the right of persons to work shall not be denied or abridged on account of membership or nonmembership in any labor unior or labor organization.

Section 2 (Code Supplement Section 40-46.1). Any agreement or combination between any employer and any labor organization whereby persons not members of such labor organization shall be denied the right to work for such employer or whereby such membership is made a condition of employment, or of continuance of employment by such employer, or whereby any such union or organization acquires an employment monopoly in an enterprise, is hereby declared to be against public policy, unlawful and an illegal combination or conspiracy.

Section 3 (Code Supplement Section 40-46.2). It shall be unlawful for any employer:

(a) To require any employee, as a condition of employment, or of continuance of employment, to be or become or remain a member or affiliate of any labor organization or agency;

(b) To require any employee, as a condition of employment, or of continuance of employment, to abstain or refrain from membership in any labor organization;

(c) To require any employee, as a condition of employment, or of continuance of employment, to pay any fees, dues, assessments or other charges or sums of money whatsoever to any person or organization.

\* \* \*

Section 5 (Code Supplement Section 40-46.3). It shall be unlawful for any labor organization to enter into or seek to effect any agreement, contract or arrangement with any employer declared to be unlawful by Section 2 or Section 3 of this act (Code Supp. Sections 40-46.1 or 40-46.2).

\* \* \*

Section 8 (Code Supplement Section 40-46.10). Any employer, labor organization or other person whomsoever who shall violate any provision of this act shall be guilty of a misdemeanor, and, upon conviction thereof in any court of competent jurisdiction, shall be punished by imprisonment for not less than ten nor more than thirty days or by a

fine of not less than ten nor more than one thousand dollars or by both in the discretion of the court.

Section 9 (Code Supplement Sections 40-46.7, 40-46.8 and 40-46.9). Any person whose rights are adversely affected by any contract, agreement, assemblage or other act or thing done or threatened to be done and declared to be unlawful or prohibited by this act shall have the right to apply to any court having general equity jurisdiction for appropriate relief. The court, in any such proceeding, may grant and issue such restraining, and other, orders as may be appropriate, including an injunction restraining and enjoining the performance, continuance, maintenance or commission of any such contract, agreement, assemblage, act or thing, and may determine and award, as justice may require, any actual damages, costs and attorneys' fees which have been sustained or incurred by any party to the action, and, in the discretion of the court or jury, punitive damages in addition to the actual damages. The provisions of this section are cumulative and are in addition to all other remedies now or hereafter provided by law.

The defendant company contended that no cause of action against it under the statute had been stated because the complaint failed to allege that plaintiff was discharged by reason of either membership or non-membership in the union. Analyzed, the argument is: (1) that the statute, being in derogation of freedom of contract, must be strictly construed; and (2) that since it does not expressly prohibit an agreement between the employer and the union whereby, as is alleged here, employment or continuance of employment is conditioned upon union referral or approval, its protection does not extend to the plaintiff's case. We think this contention unsound and that the circuit court erred in sustaining it.

Freedom of contract is subordinate to public policy; agreements that are contrary to public policy are illegal. 12 Am. Jur., Contracts, Section 167; *Grant v. Butt,* 198

S. C. 298, 17 S. E. (2d) 689. And where legislative intent to declare an act unlawful is apparent from consideration of the statute, it matters not that the prohibition of the act is not declared in specific language, for an act that violates the general policy and spirit of the statute is no less within its condemnation than one that is in literal conflict with its terms. 12 Am. Jur., Contracts, Section 160; *McConnell v. Kitchens,* 20 S. C. 430; *Fairly v. Wappoo Mills,* 44 S. C. 227, 22 S. E. 108, 29 L. R. A. 215.

■ Here, the first section of the statute expressly declares it to be the public policy of this state that "the right of persons to work shall not be denied or abridged on account of membership or non-membership" in a labor union. But viewing that section in conjunction with the others before mentioned, particularly Section 2, it seems to us quite clear that the evils to which the legislative intent and the remedial purpose of the statute were directed were: (1) union control of employment on the one hand; and (2) employer boycott of, or insistence upon, union labor on the other. To hold that the prohibition was directed exclusively against requirement of union membership or non-membership as a condition of employment would be to disregard the prohibition, in Section 2, against agreements whereby the union acquires an employment monopoly, and to permit frustration of the legislative purpose by agreements such as the complaint here alleges, conditioning employment upon union referal or approval.

Section 2 of the Right to Work statute of Nevada prohibits "any agreement, written or oral, which excludes any person from employment or continuation of employment because of nonmembership in a labor organization". St. Nev. 1953, c. 1, § 2. In *Building Trades Council of Reno and Vicinity v. Bonito,* 71 Nev. 84, 280 P. (2d) 295, 297, the court construed that section as prohibiting an agreement requiring an employer, before hiring craftsmen covered by it, to apply to the union to supply such craftsmen, and forbidding his employment of others unless the union should

be unable, within forty-eight hours, to supply such craftsmen. Rejecting as unrealistic the union's contention that said agreement was not one requiring employment of union members but merely an agreement on the part of the employer to designate the union as his employment agency, the court said: "By such a provision the employer, in practical effect, agrees that so long as the union is able to supply craftsmen, he shall employ only union labor. So long as the union is able to supply craftsmen, then, those not union members would be deprived of opportunity to obtain employment because of their nonmembership."

So also in *Sheet Metal Workers Local No. 175 v. Walker,* Tex. Civ. App. 1951, 236 S. W. (2d) 683, a clause substantially identical with that under consideration in the case last cited was construed as calling for a closed shop.

So far as the applicability of our statute is concerned, we can perceive no sound distinction between an agreement to hire only through the union and one to hire only such persons as have been cleared through or referred or approved by it. In either case it would be certain, as a practical matter, that only union members in good standing would be employed. In either case the "employment monopoly" forbidden by Section 2 of our statute would be assured.

The second ground of the demurrer is untenable. That plaintiff participated in the walkout is not affirmatively shown, but on the contrary is expressly denied, in the complaint. The allegation is that the sole ground upon which the defendant company refused to continue his employment was non-approval by the union of such employment. If in fact he was discharged for another reason, that is a matter to be pleaded by way of answer, not demurrer.

What has been said in our discussion of the first ground of the demurrer disposes also of the third and fifth grounds. The defendant company's freedom to hire and fire the plaintiff at its pleasure is subject to the

limitation, under our statute as we construe it, that neither the hiring nor the firing may be grounded or conditioned upon union membership or non-membership, referral or non-referral, approval or non-approval.

The issue of exclusive Federal jurisdiction, suggested by the fourth ground of the demurrer, was not passed upon by the court below, and is therefore not properly before us. *Carter v. Peace,* 229 S. C. 346, 93 S. E. (2d) 113; *Simonds v. Simonds,* 229 S. C. 376, 93 S. E. (2d) 107.

Reversed and remanded, with leave to the respondent to answer the complaint within twenty days after the filing of the remittitur.

STUKES, C. J., and TAYLOR, OXNER and MOSS, JJ., concur.