**Howard LAYNE, Plaintiff,**

v.

**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS (AFL–CIO), and International Brotherhood of Electrical Workers (AFL–CIO), Local No. 382, Defendants.**

Civ. A. No. 76–254.

United States District Court,
D. South Carolina,
Columbia Division.

July 27, 1976.

Julian H. Gignilliat, Columbia, S. C., and J. Roy Weathersby, of Wilson & Wilson, Atlanta, Ga., for plaintiff.

Larry L. Eubanks, of Eubanks & Villegas, Winston-Salem, N. C., for Local Union No. 382, Intern. Broth. of Elec. Workers.

Michael O. Johnson, Columbia, S. C., and Renn Drum, Drum & Liner, Winston-Salem, N. C., for Intern. Broth. of Elec. Workers (AFL–CIO).

ORDER ON DEFENDANT LOCAL UN-·ION NO. 382'S MOTION TO DISMISS

HEMPHILL, District Judge.

This civil action was brought pursuant to the provisions of the Labor-Management

Reporting and Disclosure Act of 1959, commonly referred to as the Landrum-Griffin Act, 29 U.S.C. §§ 411 and 412, which was passed to protect the individual rights of members of labor organizations. The complaint alleges that plaintiff Layne was expelled from the defendant Union after many years of membership and was denied his pension benefits. The complaint further alleges that he was expelled from the Union without being afforded a "fair trial" as required by the Landrum-Griffin Act. The defendant Union has now moved for dismissal on the ground that Howard Layne, the plaintiff, died on or about June 3rd or June 4th, 1976 and that the claim asserted in the complaint was thereby extinguished.

The defendant Union filed in support of its motion to dismiss a brief which consisted, in its entirety, of the following:

> The statutory right upon which plaintiff bases his claim for relief fails to provide for survivorship. Defendant's attorney can cite no precedent for or against dismissal of this action.

> The only guide is the Court's review based on the common law.

Plaintiff's counsel, on the other hand, was able to find specific authority in support of his position. In *Sands v. Abelli,* 290 F.Supp. 677 (S.D.N.Y.1968), the court considered the very issue now before this court and concluded that an action under 29 U.S.C. § 412 does survive the death of the plaintiff. It must be conceded, however, that this conclusion in *Sands* was merely dictum, because the court had previously held that judgment had actually been rendered for the plaintiff and that the action was not "in a state of pendency" at the time of plaintiff's death. In discussing the issue of survival, the court stated:

> Assuming, *arguendo,* the pendency of the action at the time of death, the case for abatement fails on other grounds. Although there appears to be no case squarely on point under the LMRDA, the better reasoned cases hold that where a federal statute grants a right to an individual, whether it be deemed a personal or property right, to deny the remedy on

the theory of abatement would be, "perpetuation of a policy which has now had its day." Without belaboring the point, the sound approach is clearly in favor of survivability where, as here, the statute is designed to have a deterrent effect. Were the Court to hold otherwise, the incentive for discipline of a more permanent nature would be manifest.

The statements above obviously were not necessary to the court's decision in *Sands,* and they are also somewhat in conflict with the law of this circuit. In *Barnes Coal Corp. v. Retail Coal Merchants Assn.,* 128 F.2d 645 (4th Cir. 1942), the court held that the survival of a federal statutory cause of action

> . . . is to be determined by an interpretation of the statute in light of the common law and is not governed by state survival statutes or state decisions relating to the subject. The decision of the Supreme Court in *Erie R. Co. v. Tompkins,* has no bearing on the matter; for the question is not one as to a state common law rule but as to the interpretation of a federal statute and the consequences which flow from it. 128 F.2d at 648 (citations omitted).

This much of the holding in *Barnes* is consistent with the conclusions reached in *Sands,* but the Fourth Circuit went on to adopt principles contrary to the view that an action such as this would survive regardless of whether it is deemed to involve a personal right or a property right. In Judge Parker's opinion, the court held:

> The modern rule as to survivability, we think, is that actions for torts in the nature of personal wrongs, such as slander, libel, malicious prosecution, etc., die with the person, whereas, if the tort is one affecting property rights, the action survives. Underlying the distinction between actions that die with the person and those that survive is the basic thought that the reason for redressing purely personal wrongs ceases to exist either when the person injured cannot be benefited by a recovery or the person inflicting the injury cannot be punished,

966

whereas, since the property or estate of the injured person passes to his personal representatives, a cause of action for injury done to these can achieve its purpose as well after the death of the owner as before. *Id.* at 649 (citations omitted).

The reasoning underlying the decision in *Sands* appears logically sound, but this court cannot fully adopt that view, as plaintiff urges, because of the well-established authority of *Barnes* concerning the survival of federal statutory actions. Nevertheless, it does not appear that all of plaintiff's claims for damages will fail the test of survivability in this circuit. Plaintiff's principal allegations are that he was unlawfully deprived of his union membership and his rights under the union pension plan, and he is clearly entitled to seek redress for the deprivation of these property rights in an action under 29 U.S.C. § 412. *See, e. g., Lewis v. American Fed. of State, County & Mun. Employees,* 407 F.2d 1185 (3rd Cir. 1969), which also contains an extensive discussion of the proper standards of review for the court to apply in such a case. Union membership and pension benefits undoubtedly constitute property rights, and plaintiff's causes of action for deprivation of them do survive his death. In addition, any actual damages which plaintiff might have suffered as a result of loss of employment opportunities or compensation at a lower rate of pay appear more related to the property of plaintiff's estate than to his person. Claims for these damages would also survive plaintiff's death.

Plaintiff's complaint also claims damages for mental anguish and pain and suffering. As to these alleged damages, plaintiff's action does appear to have been purely a personal action which, under the principles announced in *Barnes,* cannot survive plaintiff's death. Defendant's motion to dismiss therefore is granted as to the claims for damages for mental anguish and pain and suffering, but the motion is denied as to all of plaintiff's remaining claims for actual damages. There appears to be some conflict in the authorities concerning the propriety of plaintiff's claim for punitive

damages under 29 U.S.C. § 412, and the court will not undertake the decision of that issue at this time. It does appear, however, that a claim for punitive damages, if allowed under the statute, would survive plaintiff's death. Defendant's motion for dismissal therefore is also denied as to plaintiff's claim for punitive damages.

AND IT IS SO ORDERED.