## 20758

Ruby LAYNE, Independent Executrix of the Estate of Howard Layne, Deceased, Respondent, v. INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, (AFL-CIO), LOCAL NO. 382, Appellant.

(247 S. E. (2d) 346)

*Larry L. Eubanks* of *Eubanks &Walden,* Winston-Salem, N. C., *for appellant.*

*Stephen T. Savitz* and *Julian H. Gignilliat,* Columbia, and *Daryll N. Love, J. Roy Weathersby* and *Anthony L. Cochran, Powell, Goldstein, Frazer & Murphy,* Atlanta, Ga., *for respondent.*

August 31, 1978.

RHODES, Justice:

Prior to his death, the respondent's decedent (the plaintiff) brought the present action seeking actual and punitive damages from the defendant unions for what is alleged to be a "malicious, willful and wanton violation" of the South Carolina Right to Work Act, S. C. Code § 41-7-10 *et seq.* (1976). [1] From an order of the lower court overruling its demurrer to the complaint, the defendant appeals contending that: (1) the complaint fails to state a cause of action; (2) even if a cause of action is stated, the action does not survive the death of the plaintiff; and (3), the courts of this state do not have jurisdiction over the subject matter of the action because of Federal preemption. We affirm the lower court.

The following allegations taken from the complaint, constitute the basis for the claimed cause of action in this case: Plaintiff was a member of Defendant International Union for over thirty-five years and paid dues and contributions to the Defendant International during the entire time he was a member with the expectation of drawing a pension upon his retirement. On or about June, 1974, Defendants expelled Plaintiff from membership because he was working on a construction project in Florence, South Carolina, with employees who were not members of Defendants International Union and/or Defendants Local Union and who were performing electrical work. Such action by Defendants was in violation of South Carolina's Right-to-Work Act, *supra,* and caused Plaintiff to suffer substantial damage in that he

---

[1] It appears that this action on appeal is erroneously captioned in that, although International Brotherhood of Electrical Workers, (AFL-CIO), Local No. 382 is the only appellant before this Court, the International Brotherhood of Electrical Workers, (AFL-CIO) appears to remain a party to the suit although not listed in the caption. This conclusion is based on a most fragmentary record. In further explanation of the caption, the term "Independent Executrix" (which term is foreign to this jurisdiction) is apparently copied from the language contained in the appointment of the fiduciary in the State of Texas. This terminology has no bearing on any issue in this case.

lost the benefit of monies paid to Defendants over thirty-five years.

The complaint further alleges that, as a result of the defendant's violation of the Right to Work Act, the plaintiff "has suffered damage" (inferentially the loss of the expectancy of drawing retirement benefits) and "has suffered mental anguish and pain and suffering."

# I

Under its first exception, the appellant contends that the complaint fails to state a cause of action because the conduct complained of does not constitute a violation of the Right to Work Act. We disagree and hold that the complaint states an action sounding in tort.

In determining whether a cause of action is stated, we are required to construe the complaint liberally in favor of the pleader. *Turner v. ABC Jalousie Co. of N. C.,* 251 S. C. 92, 160 S. E. (2d) 528 (1968). In passing upon a demurrer, the Court is limited to consideration of the pleading under attack, and all of the factual allegations thereof that are properly pleaded are deemed admitted. *Crowley v. Bob Jones University,* 268 S. C. 492, 234 S. E. (2d) 879 (1977). It is settled that a cause of action sounding in tort may arise from conduct violative of South Carolina's Right to Work Act. *See Gregory Electric Co. v. Custodis Construction Co.,* 312 F. Supp. 300 (D.S.C. 1970); *Kimbrell v. Jolog Sportswear, Inc.,* 239 S. C. 415, 123 S. E. (2d) 524 (1962); *Brabham v. Miller Electric Co.,* 237 S. C. 540, 118 S. E. (2d) 167 (1961). Thus, in the present case, if the facts alleged, together with the inferences reasonably deducible therefrom, state conduct which is violative of the Right to Work Act, the complaint must be sustained. *See, Turner, supra.*

Construed liberally in favor of the pleader, the essence of the complaint is that the defendant has interfered or has attempted to interfere with the free

exercise of the plaintiff's right to work and engage in a lawful vocation. In other words, by its power to terminate union membership and defeat the plaintiff's expectancy of retirement benefits, the union has sought by coercion to control the plaintiff's employment.

We hold that the attempt to coerce the plaintiff from engaging in the particular employment by means of threatening his expected retirement benefits constitutes a tortious violation of the Right to Work Act.

Code § 41-7-70 provides, in part, that:

It shall be unlawful for any person, acting alone or in concert with one or more persons:

(1) By force, intimidation, violence or threats thereof, or violent or insulting language, directed against the person or property, or any member of the family of any person (a) to interfere, or attempt to interfere, with such person in the exercise of his right to work, to pursue or engage in, any lawful vocation or business activity, to enter or leave any place of his employment, or to receive, ship or deliver materials, goods or services not prohibited by law or (b) to compel or attempt to compel any person to join, or support, or refrain from joining or supporting any labor organization . . . .

Applying this section to the facts alleged in the complaint, it can reasonably be said that the union's actions constituted coercion and intimidation directed against the plaintiff and his property which was designed to effect compulsory support of the union and accomplish union control of the plaintiff's employment.

The appellant contends that, assuming *arguendo* that the union's actions could give rise to a cause of action under § 41-7-70, the plaintiff has failed to allege facts sufficient to bring the action within the prohibitions of that section. One of the examples pointed out by the appellant is that under § 41-7-70 it is "persons" who are prohibited from engaging

in the proscribed conduct and, as the appellant asserts, the union is not a "person". The appellant concedes that unions do act through persons but correctly contends that there is no allegation that any person was acting in a representative or agency capacity for the union so as to render it liable under the principles of respondeat superior.

While the complaint suffers from a lack of artful pleading, we do not view such lack as fatal. It is inferable from the facts pled that the conduct complained of is attributable to the appellant which unquestionably acted through a person. However, even if the allegations of the complaint did not bring the action within the explicit language of § 41-7-70, a cause of action would still lie. As this Court pointed out in *Brabham v. Miller Electric Co., supra,* "[W]here legislative intent to declare an act unlawful is apparent from consideration of the statute, it matters not that the prohibition of the act is not declared in specific language, for an act that violates the general policy and spirit of the statute is no less within its condemnation than one that is in literal conflict with its terms," 237 S. C. at 546, 118 S. E. (2d) at 170. The *Brabham Court* further stated that one of the evils to which the legislative intent and remedial purpose of the statute is directed is union control of employment. As we have pointed out above, based upon the facts alleged in the complaint, one of the objectives of the union's conduct was to control the employment of the plaintiff. In addition, Code § 41-7-10 states that it is "the public policy of this state that the right of persons to work shall not be denied or abridged on account of membership or nonmembership in any labor union or labor organization." It was precisely on account of the plaintiff's membership that he was not free to choose his own employment with the free exercise of his right to work being abridged by the union.

## II

As stated previously, the plaintiff died shortly after this action was commenced. The appellant asserts that, even if a cause of action is stated, it does not survive the death of the plaintiff.

South Carolina Code § 15-5-90 provides that causes of action for and in respect to "any and all injuries to the person or to personal property shall survive" to the personal representative of the deceased person. Although there are certain exceptions, [2] it is the general rule that any cause of action which could have been brought by the deceased in his lifetime survives to his representative under the Survival Act, *Gowan v. Thomas*, 237 S. C. 223, 116 S. E. (2d) 761 (1960). The appellant cites no authority or precedent which would weigh against application of the general rule in this case. The only cases cited in support of its contention—*Layne v. International Brotherhood of Elec. Workers (AFL-CIO)*, 418 F. Supp. 964 (D.S.C. 1976) and *Barnes Coal Corp. v. Retail Coal Merchants Assn.*, 128 F. (2d) 645 (4th Cir. 1942)—involved the survival of statutory causes of action under federal law and are irrelevant to the survivability of the state action under review. This exception is overruled.

## III

Under its remaining exception, the appellant asserts that state court jurisdiction over the action is pre-empted by Title 1 of the Labor-Management Reporting and Disclosure Act of 1959 (LMRDA) codified at 29 U. S. C. § 411 *et seq*. In order to protect union members from union abuse of power, the LMRDA provides a "bill of rights" for members which defines their right to participate in union affairs and protects them from arbitrary discipline by the union, *see,*

---

[2] "[T]his Court has held that actions for malicious prosecution, slander, and fraud and deceit do not survive [under the Survival Act]." *Brewer v. Graydon*, 233 S. C. 124, 103 S. E. (2d) 767, 769 (1958).

29 U. S. C. § 411. Jurisdiction to remedy any infringement of these federal statutory rights is vested in the federal district courts, 29 U. S. C. § 412.

The appellant asserts that jurisdiction over the subject matter of this action lies with the federal courts because the subject of the complaint falls within the scope of the provision protecting union members from arbitrary discipline. That provision states:

No member of any labor organization may be fined, suspended, expelled, or otherwise disciplined except for nonpayment of dues by such organization or by any officer thereof unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing.

29 U. S. C. § 411(a)(5). According to appellant, the subject of the present action is whether the plaintiff was wrongfully expelled from membership in the union in violation of the above provision and does not involve his right to work under the Right to Work Act. We disagree with the appellant that the LMRDA pre-empts state court jurisdiction. The fallacy in the appellant's position is its assumption that the LMRDA was intended to regulate all aspects of the member-union relationship.

Prior to the enactment of the LMRDA, "the protection of union members in their rights as members from arbitrary conduct by unions and union officers [had] not been undertaken by federal law, and indeed the

---

3 Although federal law did not directly purport to regulate the relationship between unions and union members prior to passage of the LMRDA, some protection for union members was provided by the National Labor Relations Act of 1947 which made it an unfair labor practice for a union to restrain or coerce an employee in the exercise of his right to engage in or refrain from engaging in concerted activities, see, 29 U. S. C. § 158(b)(1). However, because the proviso in 29 U. S. C. § 158(b)(1) that "this paragraph shall not impair the right of a labor organization to prescribe its own rules with respect to the acquisition or retention of membership therein", the union conduct proscribed by this section is that designed to bring about employer discrimination against an employee with the result that regulation of purely internal

assertion of any such power [had] been expressly denied." [3] *International Ass'n of Machinists v. Gonzales,* 356 U. S. 617, 620, 78 S. Ct. 923, 925, 2 L. Ed. (2d) 1018 (1958). With the LMRDA, Congress undertook to correct certain abuses of power by unions by directly addressing specific aspects of the union-member relationship. However, federal regulation in this area was not intended to be complete or exclusive. This is made clear by the LMRDA itself for as 29 U. S. C. § 413 states: "Nothing contained in this title [29 U. S. C. §§ 411-415] shall limit the rights and remedies of any member of a labor organization under any State or Federal law or before any court or other tribunal, or under the constitution and bylaws of any labor organization." Thus, the State court remedy is not supplanted by the LMRDA as the appellant asserts.

This result is not changed by the fact that, as appellant points out, the plaintiff has also brought an action in Federal court claiming a violation of 29 U. S. C. § 411(a)(5). *See, Layne v. International Brotherhood of Elec. Workers (AFL-CIO),* 418 F. Supp. 964 (D. S. C. 1976). The Federal action is based upon the plaintiff's allegation that he was expelled without being afforded the "full and fair hearing" mandated by the LMRDA and has no relevance to the right being asserted in the present action. As 29 U. S. C. § 413 makes clear, the existence of a Federal cause of action is not intended to limit the plaintiff's rights and remedies under State law. The State action is not pre-empted.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.

---

union affairs is outside the competence of the National Labor Relations Board which administers the NLRA. *Gonzales, supra; Amalgamated Ass'n of St., E. R. & M. C. EMP. v. Lockridge,* 403 U. S. 274, 91 S. Ct. 1909, 29 L. Ed. (2d) 473 (1971). It is because purely internal union affairs are involved that the present action is not pre-empted by the NLRA.