**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

First Citizens Bank & Trust Company, Inc., Respondent,

v.

Estate of Justin K. Spires, Timothy J. Spires, Sr., South Carolina Department of Probation, Parole and Pardon Services and Warren B. Giese as Solicitor,

Of Whom the Estate of Justin K. Spires and Timothy J. Spires, Sr. are the Appellants.

Appellate Case No. 2021-001219

———————————

Appeal From Richland County
Joseph M. Strickland, Master-in-Equity

———————————

Unpublished Opinion No. 2025-UP-025
Submitted November 1, 2024 – Filed January 29, 2025

———————————

**AFFIRMED**

———————————

Shawn Micheal French, Sr., of The French Law Firm, LLC, of Lexington, for Appellants.

Theodore von Keller, B. Lindsay Crawford, III, Baxter Lindsay Crawford, IV, and Charley FitzSimons MacInnis, all of Crawford & von Keller, LLC, of Columbia, for Respondent.

_____

**PER CURIAM:** The Estate of Justin K. Spires and Timothy J. Spires Sr., appeal the master-in-equity's order denying their motion for relief and to vacate the foreclosure sale of real property (the Property). On appeal, they argue the master-in-equity erred in (1) finding the master had personal jurisdiction over Justin and Timothy Spires, (2) denying their motion for relief under Rule 60(b) of the South Carolina Rules of Civil Procedure, and (3) failing to find the foreclosure sale was void. First Citizens Bank and Trust Company, Inc. (First Citizens) filed a motion to dismiss, arguing the Estate of Justin Spires does not have legal standing to pursue these claims and that Timothy no longer has standing due to him having satisfied the deficiency judgment. We affirm pursuant to Rule 220(b), SCACR.

1. We deny First Citizens' motion to dismiss. *See* S.C. Code Ann. § 62-3-703(c) (2022) ("Except as to proceedings which do not survive the death of the decedent, a personal representative of a decedent domiciled in this State at his death has the same standing to sue and be sued in the courts of this State and the courts of any other jurisdiction as his decedent had immediately prior to death."); *Page v. Lewis*, 203 S.C. 190, 193, 26 S.E.2d 569, 570 (1943) ("Under the rule of the common law, the only causes of action that do not survive the death of either party, plaintiff or defendant, are causes of action ex delicto."); *Hughes on behalf of Est. of Hughes v. Bank of Am. Nat'l Ass'n*, 442 S.C. 113, 123, 898 S.E.2d 102, 107 (2024) ("Consequently, an action ex contractu—one based in contract—survived at common law."); *Page*, 203 S.C. at 193, 26 S.E.2d at 570 (explaining states, including South Carolina, have enacted statutes "in view of alleviating the stringency of the common-law rule as to the survival of causes of action"); *id.* ("These statutes add to, but do not diminish the classes of causes of action which survive at common law. The nature and substance of the cause of action, rather than the form of the remedy, determine its ability to survive."); S.C. Code Ann. § 15-5-90 (2005) ("Causes of action for and in respect to any and all injuries and trespasses to and upon real estate and any and all injuries to the person or to personal property shall survive both to and against the personal or real representative, as the case may be, of a deceased person . . . , any law or rule to the contrary notwithstanding."); *Layne v. Int'l Bhd. of Elec. Workers Loc. No. 382*, 271 S.C. 346, 352, 247 S.E.2d 346, 349 (1978) ("Although there are certain exceptions, it is the general rule that any cause of action which could have been brought by the deceased in his lifetime survives to his representative under [section 15-5-90]."); *Seels v. Smalls*, 437 S.C. 167, 179, 877 S.E.2d 351, 357 (2022) ("[C]laims that are purely personal in nature abate upon the death of a party, whereas claims that primarily concern property interests do not—and a personal representative may,

therefore, be substituted on behalf of the decedent's estate—because such actions can still achieve their primary purpose.").

2.  We hold Appellants' claims are barred under section 15-39-870 of the South Carolina Code (2005) because First Citizens was a bona fide purchaser for value without notice.  *See I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 419, 526 S.E.2d 716, 723 (2000) ("[A] respondent . . . may raise on appeal any additional reasons the appellate court should affirm the lower court's ruling, regardless of whether those reasons have been presented to or ruled on by the lower court."); § 15-39-870 ("Upon the execution and delivery by the proper officer of the court of a deed for any property sold at a judicial sale under a decree of a court of competent jurisdiction the proceedings under which such sale is made shall be deemed res judicata as to any and all bona fide purchasers for value without notice, notwithstanding such sale may not subsequently be confirmed by the court."); *Cumbie v. Newberry*, 251 S.C. 33, 37, 159 S.E.2d 915, 917 (1968) ("A purchaser in good faith at a judicial sale is not affected by irregularities in the proceedings or even error in the judgment, under which the sale is made . . . ."); *Robinson v. Est. of Harris*, 378 S.C. 140, 146, 662 S.E.2d 420, 423 (Ct. App. 2008) (holding to be a bona fide purchaser, a party must show "(1) actual payment of the purchase price of the property, (2) acquisition of legal title to the property, or the best right to it, and (3) a bona fide purchase, 'i.e., in good faith and with integrity of dealing, without notice of a lien or defect'" (quoting *Spence v. Spence*, 368 S.C. 106, 117, 628 S.E.2d 869, 874-75 (2006))).  First Citizens acquired legal title to the Property after purchasing it in a foreclosure sale on January 6, 2021, and the master-in-equity issued an order confirming the sale on January 14, 2021.  Justin and Timothy only filed affidavits asserting service was improper on May 17, 2021, months after the foreclosure sale completed; accordingly, all elements of a bona fide purchaser occurred before First Citizens had notice of a defect.  *See id.* at 146, 662 S.E.2d at 423 ("[T]he bona fide purchaser must show all three conditions— actual payment, acquiring of legal title, and bona fide purchase—occurred before he had notice of a title defect or other adverse claim, lien, or interest in the property." (quoting *Spence*, 368 S.C. at 117, 628 S.E.2d at 875)); *id.* at 146-47, 662 S.E.2d at 423-24 (upholding a foreclosure sale in which the appellant argued the master lacked jurisdiction as he did not receive service because the affidavits asserting defective service were not matters of record at the time of the foreclosure sale); *Buffalo Creek Invs., Inc. v. Pettus*, 440 S.C. 111, 121-22, 889 S.E.2d 608, 613 (Ct. App. 2023) (reversing a special referee's decision not to afford protection as a bona fide purchaser for value without notice, holding the "claims of defective

service in the underlying foreclosure action" did not affect the status as a bona fide purchaser).[1]

**AFFIRMED.**[2]

**WILLIAMS, C.J., and MCDONALD and TURNER, JJ., concur.**

---

[1] Because we hold Appellants' claims are barred under section 15-39-870, we need not address whether the master had personal jurisdiction over either Justin or Timothy or whether the master erred in denying their motion for relief under Rule 60(b) of the South Carolina Rules of Civil Procedure. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (explaining an appellate court does not need to address remaining issues when its resolution of a prior issue is dispositive of the appeal).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.