13687

BEMIS *ET AL.* v. WATERS

(170 S. E., 475)

*Messrs. Nelson & Mullins,* for appellant,

*Messrs. Moorman & Moorman* and *Mendel L. Smith,* for respondent,

August 30, 1933.

The opinion of the Court was delivered by MR. W. C. COTHRAN, ACTING ASSOCIATE JUSTICE.

After this case was tried in the Court of Common Pleas for Richland County, resulting in a mistrial, the defendant interposed a demurrer to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled by Honorable W. H. Townsend, Circuit Judge; no reasons being given for his order. From the order overruling the demurrer, the defendant appealed to this Court.

The complaint alleged that Mrs. Irene J. Austin, the mother of the plaintiffs and of the defendant herein, owned a certain real estate in the City of Columbia. That prior to May 26, 1927, Mrs. Austin owned a house and lot at 1224 Pickens Street, together with other real and personal property, and that she conveyed the Pickens Street property to the defendant, reserving to herself a life estate therein. The date of the deed is not given, but from the wording of the complaint we presume the deed was dated May 26, 1927. The complaint further alleged that the defendant had great influence over her mother, Mrs. Austin, and that the defendant, together with others who had dominance over Mrs. Austin, influenced her, against her will, to convey said premises to the defendant; that said conveyance was without the knowledge of the plaintiffs, and that the intention of the defendant was "to deprive the plaintiffs of their right to inherit the said real estate." These facts are, for purposes of the demurrer, taken to be true.

The complaint further alleged the death of Mrs. Austin on April 2, 1929, and that she left a will which, after a few specific legacies, gave all of her property to her seven children equally, including the defendant herein, by a residuary clause. The date of the will is not given.

The real gist of the complaint is contained in the tenth paragraph thereof, which is as follows: "10. That by her conduct as aforesaid, the defendant has deprived the plaintiffs of their right to inherit five-sevenths of said real estate, so obtained by the defendant, to their actual damage

Six Thousand Four Hundred and Thirty ($6,430.00) Dollars, and that the defendant by reason of her aforesaid conduct, is liable to the plaintiffs in the sum of Five Thousand ($5,000.00) Dollars punitive damages also."

Paragraph 3 of the complaint alleges that each of the children of Mrs. Austin has an undivided one-seventh interest in her estate under her will, and the argument of the respondents is to the effect that a cause of action existed in favor of Mrs. Austin, which either survived her death or was bequeathed to all of her children under the residuary clause. If Mrs. Austin had a cause of action against Mrs. Waters as, under the allegations of the complaint, she undoubtedly had, it was either in equity to have the deed to Mrs. Waters set aside, or it was for damages for the alleged fraud perpetrated upon her. But the complaint is not based upon either of these causes of action, although the theory of the complaint is that the plaintiffs derived their right to maintain the present action from the residuary clause of the will or by survival. In neither event can the position of the plaintiffs, respondents herein, be sustained, for the very simple reason that the cause of action set forth in the complaint, to the effect that the plaintiffs were deprived of their right to inherit from their mother by the conduct of the defendant, was never possessed by Mrs. Austin, and hence would neither survive her death nor be a subject of disposition under her will.

But it is argued that the plaintiffs have a cause of action against the defendant for an accounting of the proceeds derived from the sale of the real estate after the death of Mrs. Austin, said real estate having been sold by Mrs. Waters, and the attorney for the appellant seems to concede as much in his argument. With this contention and its attendant concession we are not now greatly concerned as the question is not now before us. Our inquiry is directed solely to whether the complaint sets forth a cause of action in

favor of the plaintiffs, based upon the deprivation of their right to inherit by the conduct of the defendant.

During the lifetime of an ancestor, there are no heirs and certainly no vested right to inherit from such ancestor. There frequently is an "expectant interest." But the voluntary act of the ancestor, done in a perfectly legal way, frequently renders this expectancy a mere delusion. Upon the death of the ancestor either the provisions of a will or the operation of the statute of distributions (Code 1932, § 8906 et seq.), will govern the disposition of the property. The right to inherit, during the life of an ancestor, does not exist.

But suppose we take the view that the plaintiffs have endeavored to bring this suit in tort as one belonging to Mrs. Austin and which survived her death, two questions would arise: First, did the cause of action survive? and, Second, if so, are the plaintiffs the proper parties to maintain it? It will be readily seen that a negative answer to the first question renders unnecessary further consideration of the second question.

It is needless to trace the history of survival statutes. Suffice it to say that no survival being permitted under the common law, the states soon began to correct this situation by appropriate legislation. The wording of the different statutes has caused different constructions by the Courts, and it is therefore necessary to keep clearly in mind what actions will survive under the wording of our statute. In this case it is not necessary to consider survival of actions relating to death, personal injury, or personal property, but only as to real property. As to this the statute says, "Causes of action for and in respect to any and all injuries and trespasses to and upon real estate," etc. (Code 1932, § 419), shall survive. The real meaning of this provision, with proper punctuation, is thus declared in *Allen v. Union Oil & Mfg. Co.,* 59 S. C., 571, 38 S. E., 274, 276: "Causes of

action for and in respect to any and all injuries to or trespasses upon real estate," etc.

Again referring to the actual wording of this statute, we find the rule for its construction set out in *Claussen v. Brothers,* 148 S. C., at page 4, 145 S. E., 539, 540, 61 A. L. R., 826, as follows: "While the act is remedial, and a liberal construction should be given to its provisions (*Morris v. Electric Co.,* 70 S. C., 281, 49 S. E., 854, 855), we must resort, in arriving at the intent of the Legislature, to the actual words used in the statute, and the Court should not place such judicial construction upon the language used as to effectuate its own conception of right rather than the intent of the Legislature."

The provision as to "trespass upon" real estate has no place in this appeal, and our inquiry is therefore limited to the question as to whether or not Mrs. Austin, in her lifetime, had a cause of action against the defendant herein for and in respect to any and all injuries to real estate.

In many jurisdictions the survival statutes refer to "estate" or "personal estate," and others refer to "wrongs done to property rights or interests." In these statutes there are always certain exceptions, such as libel, slander, assault and battery, etc., causes which do not survive, but under the wording of "property rights or interests" the ground covered is so broad that in 1 R. C. L., 37, the statement is made: "The exceptions in the statute are such as scarcely to leave any conceivable action for injuries to other rights uncovered by them."

In other words, in those states practically every form of injury survives unless exempted by the statute.

The text of 32 C. J., 517, that "the term injury * * * may include every invasion of one's property rights by actionable wrong," is but a construction of the New York statute which provides for the survival of injuries done to property rights or interests. It is thus expressed at page 518

of said work: "An actionable act whereby the estate of another is lessened."

It would appear that the case of *Nettles' Executors v. D'Oyley,* 2 Brev., 27, decided in 1806, is authority for the position that the cause of action would survive, the Court saying: "That for every injury done to the estate of a testator, or interstate, a right of action survives to his representatives."

However, in 1856, the case of *Chalk's Administrators v. McAlily,* 10 Rich. Law, 92, was decided, the Court saying:

"The only case which in this State has gone counter to the English decisions, is that of *Nettles' Executors v. D'Oyley,* 2 Brev., 27.

"It is difficult to conceive how that case could be sustained. For the injury there, arising from the sale of their testator's land by the neglect of the defendant, was a plain injury to real property: and according to all the English cases, no action could be maintained."

Under the authority of this case, and especially the wording of Section 419 of the Code, we do not think there was such damage to, or trespass upon, the real property of Mrs. Austin as would justify the holding that there was a survival of the cause of action sued upon.

The respondents asked, in the event of a reversal of the order of the Circuit Judge, that they be allowed to make a motion in the Circuit Court for an order permitting them to file an amended complaint. Had the Circuit Judge sustained the demurrer, the respondents would have made the motion to amend, which motion could have been granted or refused as the Circuit Judge deemed proper. The request to make the motion to amend is therefore granted.

The judgment of this Court is that the order of the Circuit Judge refusing to sustain the demurrer to the complaint be, and the same is hereby, reversed.

M<small>R</small>. C<small>HIEF</small> J<small>USTICE</small> B<small>LEASE</small> and M<small>ESSRS</small>. J<small>USTICES</small> S<small>TAB</small>-LER, B<small>ONHAM</small> and C<small>ARTER</small> concur.