**MUTUAL BEN. HEALTH & ACCIDENT ASS'N v. TEAL et al.**

No. 348.

District Court, E. D. South Carolina.

Sept. 2, 1940.

Thomas, Cain and Black, of Columbia, S. C., for complainant.

Knight & Arant, of Chesterfield, S. C., for defendants.

WYCHE, District Judge.

Heretofore, the plaintiff in this proceeding instituted a suit in this court against Bradley F. Teal et al., to effect the judicial rescission and cancellation of a certain policy of insurance written on the life and health of Bradley F. Teal, on the ground that the policy of insurance was obtained by fraud. Issue was joined in the action and it is now pending for trial in this court. The insured died on July 23, 1939, and on May 29, 1940, his executors instituted an action against plaintiff in the court of common pleas for Chesterfield County, South Carolina, upon the policy of insurance in which they demand judgment against the plaintiff herein for the amount claimed to be due under the terms of the policy of insurance in the aggregate sum of $2,551. The plaintiff asks this court, in ancillary proceedings, to enjoin and restrain the defendants herein from prosecuting further the action instituted by them in the state court, until final decree has been made and entered in the suit instituted by the plaintiff against the insured, now pending for trial in this court, and that they be substituted as parties-defendant in the suit originally brought by plaintiff against Bradley F. Teal, deceased.

The defendants have moved to dismiss the original suit on the ground that this court lacks jurisdiction because the amount actually in controversy is less than $3,000, exclusive of interest and costs, and upon the ground that the cause of action, as well as the action itself, is abated by reason of the death of the insured, defendant in that suit.

716

It is admitted that since the death of the insured the total amount that can be recovered under the terms of the policy of insurance is $2,551, and the executors-defendant in the ancillary proceedings, therefore, contend that the federal jurisdictional amount is not *now* involved in the controversy.

In the case of St. Paul Mercury Indemnity Co. v. Red Cab Company, 303 U.S. 283, 58 S.Ct. 586, 587, 82 L.Ed. 845, the Supreme Court lays down certain principles by which I must be governed in determining the question of jurisdiction: (1) The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith; (2) it must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal; (3) the inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction; (4) nor does the fact that the complaint discloses the existence of a valid defense to the claim; (5) but if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount; and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed; (6) events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit, whether beyond plaintiff's control or by his volition, do not oust jurisdiction.

In the case of Ford, Bacon & Davis, Inc. v. Volentine, 64 F.2d 800, 801, where a husband and his wife having a joint claim for more than $3,000 properly joined in suing for their son's death, and where, under an amendment after his wife's death, the husband sought only his half of compensation, less than $3,000, the Circuit Court of Appeals for the Fifth Circuit said: "The jurisdiction of the court which had fully and rightfully attached was not ousted thereby any more than if the suit had been for a house worth $2,000 on a lot worth $2,000 and the house had burned before trial. * * * Federal jurisdiction depends on the facts at the time suit is

commenced, and subsequent changes neither confer nor devest it."

In a case similar to the instant case it was urged that the insured had died of tuberculosis since the bringing of suit for cancellation, and that there was no possibility of recovering the jurisdictional amount under the terms of the policy. In answer to this contention the Court said: "There was, however, a possibility of its happening when the suit was brought. And jurisdiction depends on the situation as it exists at the time suit is brought and not on what happens thereafter." Mutual Life Insurance Company of New York v. Rose, D.C., 294 F. 122, 123. See, also, Mutual Life Insurance Co. of New York v. Moyle et al., D.C., 34 F.Supp. 127.

The suit for cancellation instituted by the plaintiff in this court involved the validity of the contract for $5,000 of accident insurance, as well as the health and disability benefits sued for in the state court. Where a policy of insurance itself is in controversy, its value determines the question of jurisdictional amount. Mutual Life Insurance Company of New York v. Moyle, supra. For the foregoing reasons, the action should not be dismissed upon the ground that the jurisdictional amount is not now involved in the controversy.

But the executors-defendant contend that the death of the insured abates the suit brought by the plaintiff for the cancellation of the policy of insurance. This question must be determined by the law of South Carolina. 1 C.J.S., Abatement and Revival, § 117, p. 167. There is no applicable survival statute in this state, and unless there is an applicable statute providing otherwise, the death of a party abates an action at common law. Bemis v. Waters, 170 S.C. 432, 436, 170 S.E. 475. But, as was said by the Supreme Court of South Carolina, in the case of Pringle v. Sizer, 2 S.C. 59: "The effect of an abatement at law and in equity is materially different. 'In the sense of Courts of Equity, an abatement signifies only a present suspension of all proceedings in the suit from the want of proper parties capable of proceeding therein. At the common law, a suit, when abated, is absolutely dead.' Story's Eq.Pl., § 354."

Under the South Carolina Statute, Section 7986, Code of 1932, as amended by the Acts of 1935, May 4, 39 St. at

Large page 303, the policy of insurance is incontestable after the expiration of two years. The insurance policy was issued February 11, 1937. The principal suit was commenced December 13, 1938. The insured died July 23, 1939, and the action at law for health and disability benefits was commenced on May 29, 1940. Is there jurisdiction in equity to decree cancellation in a case of this character? Answering this question in a similar case, Judge Parker, speaking for the Circuit Court of Appeals of this Circuit, in the case of Brown v. Pacific Mut. Life Ins. Co., 62 F.2d 711, 712, said: "The general rule, of course, is that equity will not ordinarily take jurisdiction of a suit for cancellation of a policy of insurance for fraud in its procurement, for the reason that the company has an adequate remedy at law in its right to defend on the ground of fraud in an action instituted on the policies. Phœnix Mutual Life Ins. Co. v. Bailey, 13 Wall. 616, 20 L.Ed. 501; Cable v. Ins. Co., 191 U.S. 288, 24 S.Ct. 74, 48 L.Ed. 188. But where the policy contains an incontestable clause, so that if it be not canceled for fraud within the time limited the right to defend on that ground will be lost, equity will grant relief, as otherwise the company would be without remedy." See, also, American Life Insurance Co. v. Stewart, 300 U.S. 203, 57 S.Ct. 377, 81 L.Ed. 605, 111 A.L.R. 1268. It is the duty of equity to grant relief in such cases even after the policy has matured by the death of the insured. New York Life Ins. Co. v. Seymour, 6 Cir., 45 F.2d 47, 73 A.L.R. 1523. The equity jurisdiction of federal courts is derived from the constitution and laws of the United States, and cannot be controlled or affected by state law. United States v. Howland, 4 Wheat. 108, 115, 4 L.Ed. 526; Boyle v. Zacharie et al., 6 Pet. 648, 658, 8 L.Ed. 532; Noonan v. Lee, 2 Black 499, 17 L.Ed. 278; Gordon v. Hobart, Fed.Cas. No. 5,609, 2 Sumn. 401; Kirby v. Railroad, 120 U.S. 130, 7 S.Ct. 430, 30 L.Ed. 569; Payne v. Hook, 7 Wall. 425, 430, 19 L.Ed. 260. The decisions of the South Carolina Supreme Court relied on by defendants, therefore, cannot affect the question of federal equity jurisdiction.

■ The insured did not die until after the time limited to defend on the ground of fraud had expired; the right to defend the pending action at law on the policy in the state court has therefore been lost. The only remedy left for the insurance company is the one in equity for cancellation of the policy. The suit being one in equity, it is only presently suspended until proper parties are substituted. Pringle v. Sizer, supra.

■ Where a federal court first obtains jurisdiction of the subject matter in controversy, it may enjoin all proceedings in a state court, commenced afterwards, which would have the effect of defeating or impairing its jurisdiction, or the lawful effect of its judgments. Looney v. Eastern Texas R. Co., 247 U.S. 214, 38 S.Ct. 460, 62 L.Ed. 1084. Such power exists and should be exercised in a case such as this where suit for the cancellation of a policy of insurance has been instituted in equity and an action at law on the policy is instituted in a state court afterwards. Brown v. Pacific Mutual Life Insurance Co., supra.

For the foregoing reasons the motion to dismiss will be denied, and the motion to substitute the executors as parties-defendant in the principal suit, and to restrain them in the ancillary proceedings from proceeding in the state court, will be granted.

Counsel may present an appropriate order in conformity herewith.