**Rosanell JOLLY, Plaintiff,**

v.

**GENERAL ACCIDENT GROUP et al.,
Defendants.**

Civ. A. No. 73–1419.

United States District Court,
D. South Carolina,
Charleston Division.

Aug. 5, 1974.

C. D. Hopkins, Jr., North Charleston, S. C., Robert A. Elsner, Atlanta, Ga., for plaintiff.

Morris D. Rosen, Samuel J. Corbin, Charleston, S. C., for defendants.

ORDER

BLATT, District Judge.

Prior to the institution of the above entitled action, the plaintiff herein, Rosanell Jolly, brought suit against one Richard B. Gilbert for personal injuries resulting from a collision between the Jolly and Gilbert automobiles. The defendants constitute a group of automobile liability insurance companies doing business under the trade name of General Accident Group, and these defendants had in effect at the time of the aforesaid collision a policy of automobile lia-

bility insurance in the amount of $10,000.00 covering the Gilbert automobile. The plaintiff recovered a judgment against Gilbert for approximately $47,000.00 in excess of the coverage provided by the defendants. After the aforesaid judgment had been rendered against him, Gilbert assigned to the plaintiff any claim that he had against the defendants based on alleged negligent and bad faith conduct by the defendants in refusing to settle the claim against Gilbert within the policy coverage. The matter is now before this court on motion of the defendants to dismiss this suit on the ground that the plaintiff has no interest in the cause of action set forth in the complaint because such an alleged cause of action could not be assigned by Gilbert to the plaintiff. Based on the pleadings herein, the questions confronting this court are whether the complaint sets forth an action in contract or an action in tort, and, if in tort, can a cause of action sounding in tort and arising from negligence and bad faith in failing to settle within policy limits a claim against an insured be assigned by the insured after a judgment in excess of the policy limits has been rendered against him.

The plaintiff in this action charges that the defendants were guilty of negligence, willfulness, and bad faith in refusing to settle the claim against their insured within policy limits when they had a reasonable opportunity to do so. It appears clear to this court that such allegations rest in tort. In the case of State Farm Mutual Automobile Insurance Company v. Arnold et al., 276 F.Supp. 765 (D.S.C.1967), a case involving a failure to defend rather than a failure to settle, the Honorable Donald Russell, then a District Judge, held that a counterclaim containing a cause of action with allegations similar to those here involved set forth a cause of action resting in tort. Judge Russell based his conclusion on the opinion of the Supreme Court of South Carolina in Miles v. State Farm Mutual Automobile Insurance Company, 238 S.C. 374, 120 S.E.2d

217 (1961). Like Judge Russell's *Arnold* case, the *Miles* case, too, was based on a failure to defend, not a failure to settle, and in the *Miles* case, at page 220 of 120 S.E.2d, is found the following language:

".  .  . In the defense of an action against its insured, an insurer is bound not only to act in good faith but also to exercise reasonable care. Appelman, Insurance Law and Practice, Vol. 8, Section 4687; Tiger River Pine Co. v. Maryland Casualty Co., 163 S.C. 229, 161 S.E. 491. In such a case unreasonable refusal on its part to accept an offer of compromise settlement has been held to render it liable in tort to the insured for the amount of the judgment against him in excess of the policy limit. Tyger River Pine Co. v. Maryland Casualty Co., 170 S.C. 286, 170 S.E. 346."

A close reading of the *Tyger River* cases, which the court cites as authority in *Miles* for the above quoted statement, persuades this court to conclude that an insurance carrier that negligently fails to settle a claim against its insured within policy limits is subject to suit by such insured *either* in contract for breach of its implied contract to exercise reasonable care in conducting the suit, *or* in tort for negligence. Such conclusion is bottomed on the following language found in the second *Tyger River* case:

".  .  . The following was quoted from the case of Attleboro Mfg. Co. v. Frankfort, etc., Co. ·(C.C.Mass.) 171 F. 495: 'Where an insurer under an employers' liability policy on being notified of an action for injuries to insured's servant assumed the defense thereof, and was negligent in conducting the suit, to the loss of the employer, the latter was entitled to sue the insurance company for *breach of its implied contract to exercise reasonable care in conducting the suit or in tort for negligence.'*

We said in our opinion in connection with this question: 'The same

principle is announced in the rehearing of the same case reported in (Attleboro Mfg. Co. v. Frankfort, etc. Co.) (C.C.A.) 240 F. 573. *And such we find to be the prevailing opinion.'*

*We adhere to that conclusion."* Tyger River Pine Co. v. Maryland Casualty Co., 170 S.C. 286, 291, 170 S.E. 346, 348 (1933) (emphasis ours)

In the instant action, the plaintiff, having chosen to bottom her suit on negligence, bad faith, willfulness, and maliciousness, has clearly alleged an action in tort against the defendants.

■■■■ Having concluded that the within action rests in tort, the court must next decide whether such an action can be assigned. In determining whether an action in tort is assignable in South Carolina, it is well established that if such cause of action would survive to his personal representative on the death of a party entitled to sue, such cause of action may be assigned by that party during his lifetime. Doremus v. Atlantic Coastline Railroad, 242 S.C. 123, 130 S.E.2d 370 (1963). Research by counsel for both parties, and independent research by this court, has failed to uncover a case in which the South Carolina Supreme Court has passed upon the survivability and/or assignability of a cause of action in tort against an insurance carrier for failure to settle within policy limits. Over the years, a number of cases have recognized that there are certain personal torts which do not survive, even under the Survival Statute, among them being causes of action for libel, slander, fraud and deceit, and malicious prosecution. See, e. g., Carver v. Morrow, 213 S.C. 199, 48 S.E.2d 814 (1948) (libel or slander); *accord,* Perry v. Atlantic Coast Life Insurance Co., 166 S.C. 270, 164 S.E. 753 (1932); Miller v. Newell, 20 S.C. 123, 47 Am.Rep. 833 (1883); Brown v. Bailey, 215 S.C. 175, 54 S.E.2d 769 (1949) (malicious prosecution); Halsey v. Minnesota-South Carolina Land & Timber Co., 54 F.2d 933 (D.C.1932) (fraud and deceit); *accord,* Bemis v. Waters, 170 S.C. 432,

170 S.E. 475 (1933); Mattison v. Palmetto State Life-Insurance Co., 197 S.C 256, 15 S.E.2d 117 (1941). On the other hand, under the Survival Statute, causes of action for personal injuries and damage to real and personal property do survive the death of a party entitled to bring such suit. *See,* e. g., Doremus v. Atlantic Coast Line Railroad, 242 S.C. 123, 130 S.E.2d 370 (1963); McWhirter v. Otis Elevator Co., 40 F.Supp. 11 (D. S.C.1949); Duke v. Postal Telegraph Cable Co., 71 S.C. 95, 50 S.E. 675 (1905). The South Carolina Survival Statute, § 10–209 of the 1962 Code of Laws of South Carolina, as amended, reads as follows:

"§ 10–209. *Survival of right of action.*—Causes of action for and in respect to any and all injuries and trespasses to and upon real estate and any and all injuries to the person or to personal property shall survive both to and against the personal or real representative, as the case may be, of a deceased person and the legal representative of an insolvent person or a defunct or insolvent corporation, any law or rule to the contrary notwithstanding."

In interpreting the above statute, the Supreme Court of South Carolina has adopted the following rule:

"While the act is remedial, and a liberal construction should be given to its provisions (Morris v. Electric Co., 70 S.C. [279], 281, 49 S.E. [854], 855), we must resort, in arriving at the intent of the Legislature, to the actual words used in the statute, and the court should not place such judicial construction upon the language used as to effectuate its own conception of right rather than the intent of the Legislature." Claussen et al. v. Brothers et al., 148 S.C. 1, 4, 145 S.E. 539, 540 (1928).

In an effort to determine the legal interpretation to to be placed on "injuries . . . to and upon real estate . . . and injuries to personal property" as used in the Survival Statute, a

review of the case of Gibbs v. National Hospital Service, 202 S.C. 304, 24 S.E.2d 513, indicates that our Supreme Court has held that "property" is a word of unusually broad meaning. At pages 514 and 515 of 24 S.E.2d, we find the following:

"The word 'property' is not confined to tangible or corporeal objects, but is a word of unusually broad meaning. 'Property is a general term to designate the right of ownership; and includes every subject, of whatever nature, upon which such a right can legally attach. It is not necessary that the subject of it should be either lands, goods or chattels; for it extends to money and securities.' Pell v. Ball, Speer Eq. 48, at page 83.

In McLemore v. Blocker, Harp.Eq. 272, it said that 'the word property, is of very extensive meaning,' and includes choses in action.

'The term "property" is, in law, a generic term of extensive application. It is a term of large import, of broad and exceedingly complex meaning, of the broadest and most extensive signification, a very comprehensive word, and is the most comprehensive of all terms which can be used. The term is often called "nomen generalissimum", and is employed to signify any valuable right or interest protected by law, and the subject matter or things in which rights or interest exist.' 50 Corpus Juris, 729.

'Thus, the term is defined as any valuable right or interest considered primarily as a source or element of wealth, or any civil right of a pecuniary nature.' 50 Corpus Juris, 730.

'In modern legal systems, property includes practically all valuable rights. The term is indicative and descriptive of every possible interest which a person can have, extends to every species of valuable right or interest, and comprises a vast variety of rights.' 50 Corpus Juris, 738."

This language in the *Gibbes* case is quoted with approval by the South Carolina Supreme Court in the more recent case of Lott v. Claussens, Inc., 251 S.C. 478, 136 S.E.2d 615, 617. In Gasque v. Town of Conway, 194 S.C. 15, 8 S.E.2d 871, in construing the word "property", the Supreme Court said, at page 873 of 8 S.E.2d:

"Property in a thing consists not merely in its ownership and possession, but in the unrestricted right of use, enjoyment, and disposal. Anything which destroys one or more of these elements of property to that extent destroys the property itself. It must be conceded that the substantial value of property lies in its use. Henderson v. City of Greenwood, 172 S.C. 16, 172 S.E. 689 (1932). If the right of use be denied, the value of the property is annihilated, and ownership is rendered a barren right."

Given the broad and liberal meaning of the word "property" in the cases above cited, this court is confronted with the opinion of the South Carolina Supreme Court in Bemis v. Waters, 170 S.C. 432, 436–437, 170 S.E. 475, 477 (1930), wherein a much narrower construction of the word "property" in its relationship to the Survival Statute is found. However, this court feels that the discussion in *Bemis* of the *property* rights which survive under our Statute was dictum[1] since the sole issue in that case, as stated by the Supreme Court therein at page 477, and confirmed in the case of Page v. Lewis, 203 S.C. 190, 26 S.E.2d 569, 571, was whether the decedent during her lifetime actually possessed the cause of action set forth in the complaint. Under the facts of *Bemis,* it was easily ascertainable that the

[1]. Had the South Carolina Survival Statute used the word "estate" or "personal estate" or "wrongs done to property rights or interests" the issue which gives this court so much concern would, as the South Carolina court in *Bemis* indicated, be easily decided, since the claim would clearly survive and would, thus, be assignable. *See,* e. g., Rowe v. United States Fidelity and Guaranty Company (Va.), 421 F.2d 937 (4 Cir. 1970).

particular cause of action therein alleged was never possessed by the decedent, and, consequently, could not survive under the Survival Statute. In its effort to provide a liberal construction to the provisions of the Survival Statute without placing thereon a judicial construction to effectuate this court's conception of those causes of action which survive, *Claussens, supra,* this court is of the opinion, since the alleged negligent and willful acts of the defendants caused the assignor of the claim herein assigned to be subjected to a judgment of approximately $47,000.00 in excess of his insurance coverage, that the language of the Survival Statute warrants a holding that such judgment resulted in "injury" to any property, real or personal, or any property interest, owned by said assignor.[2] Because this excess judgment constitutes a lien against the assignor's real estate and makes any other property interest owned by him subject to attachment and sale to satisfy this judgment, it is this court's conclusion that the alleged acts of the defendants did result in the type of "injury" to the property interests or rights of the assignor that a claim based thereon would survive to the assignor's personal representative upon his death.[3] Simply stated, this court cannot overlook the plain fact that the excess judgment rendered against the assignor has resulted in the value of any real or personal property, or other property rights or interest of the assignor, being diminished to the extent of said judgment.

Having concluded that the cause of action in tort herein set forth survives the death of the assignor, it necessarily follows, under the law of South Carolina, that such cause of action may be the subject of a valid assignment. *Doremus, supra.* Based thereon, it is

Ordered, that the motions of the defendants to dismiss the within action be, and the same hereby are, denied.

And it is so ordered.

2. While the issue herein reviewed is novel in South Carolina, the annotation in 12 A.L.R. 3d 1158, 1161, and the supplement thereto, reveal a number of cases which have decided this question. However, insofar as this court can determine, none of the cases cited therein involve a statute identical to the South Carolina Survival Statute and, thus, the cases noted in this annotation do not assist this court.

3. Under a somewhat similar set of circumstances, the Honorable Robert W. Hemphill, United States District Judge for the District of South Carolina, in Arant v. Stover, 307 F.Supp. 144 (1969), held that bills incurred by a husband as a result of personal injuries to his wife produced a loss to the husband, and that the obligation for payment thereof constituted an injury to the person of the husband and gave the husband a cause of action which would survive under the South Carolina Survival Statute, and, thus, such claim was assignable. For purposes of the instant action, the significant part of the *Arant* opinion is Judge Hemphill's definition of "injury", and the equation of injury with economic detriment in the form of obligation for payment:

"Injury is defined as: Damage or hurt to or suffered by a person or thing, detriment to, or violation of, person, character, feelings, rights, property, or interests, or the value of a thing.

A synonym for injury is 'loss.' At law, the injury here may be classified as a civil injury, defined: (Civil injury) 'Injuries to person or property resulting from a breach of contract, delict, or criminal offense, which may be redressed by a civil action.

It follows that when injury produces a loss, whether that loss is expressed by payment *or obligation for payment . . . redress for such injury (loss) survives under the South Carolina Statute and the cause of action is assignable.*" *Arant,* at p. 148 (emphasis ours)