0250

Raymond H. HUGHEY and Eugene Rochester, Administrators of the Estate of William Frank Hester, Appellants, v. Kenneth C. MOONEY, Martha Ann D. Roach, Individually, and Irene Roach, Guardian of Nathaniel Carl Roach, Respondents.

(320 S. E. (2d) 475)

Court of Appeals

*Kenneth D. Acker* of *Acker, Acker, Floyd & Welmaker,* Pickens, *for appellants.*

*Jesse M. Ray,* Greenville, and *Christopher G. Olson* of *Olson, Lindsay & King,* Clemson, *for respondents.*

Heard June 26, 1984.

Decided Sept. 5, 1984.

SANDERS, Chief Judge:

Appellants Raymond H. Hughey and Eugene Rochester, as administrators of the estate of William Frank Hester, deceased, sued respondent Kenneth C. Mooney in equity to cancel certain deeds of real property by Hester to Mooney. They allege Mooney used fraud and undue influence to obtain the deeds from Hester.[1] Mooney demurred to the complaint on the ground it did not state facts sufficient to constitute a cause of action since the cause of action pleaded did not survive the death of Hester. The trial judge sustained his demurrer. We reverse and remand.

I

We first address the primary question of whether the trial judge erred in sustaining the demurrer of Mooney, leaving until part II of this opinion a secondary jurisdictional question raised by him for the first time on appeal.

A demurrer cannot be sustained if, in viewing the pleadings in the light most favorable to the non-moving party, facts sufficient to constitute a cause of action are stated or can be fairly gathered from the complaint. *Glass v. Glass,* 276 S. C. 625, 281 S. E. (2d) 221 (1981); *Kerby, Admrx.*

---

[1] According to the complaint, respondents Martha Ann D. Roach and Irene Roach are made parties because the title to the subject property is now vested in them as a matter of record pursuant to a negotiated settlement of a lawsuit whereby they took title subject to the outcome of the instant case. The record before us on appeal does not reflect any answer or other responsive pleadings filed by the Roaches. Neither have they filed any brief on appeal but rather informed us by letter that they relied on the brief filed by Mooney.

*v. Martschink Beer Distributors, Inc.*, S. C., 316 S. E. (2d) 428 (S. C. App. 1984).

The complaint alleges that during a five-year period prior to his death, Hester deeded approximately 121 acres (of his total 227) in Pickens County, South Carolina, to Mooney. The consideration for each of the five separate conveyances was one dollar. The complaint further alleges that, in order to obtain the property, Mooney exerted undue influence over Hester, who "was not rational and did not exercise the degree of judgment that he would have in the past." The complaint goes on to state that Hester "was susceptible to the influence as a result of old age, mental weakness, and the use of alcoholic beverages." In addition, the complaint alleges the consideration for each transfer was inadequate and the values used in gift tax returns (filed for only two transfers) were extremely low and below market value.[2]

In sustaining the demurrer of Mooney, the trial judge relied on the case of *Bemis v. Waters*, 170 S. C. 432, 170 S. E. 475 (1933). We reach the opposite result under the later authority of *Page v. Lewis*, 203 S. C. 190, 26 S. E. (2d) 569 (1943).[3]

## A

### The *Bemis* case.

In *Bemis*, five children of Irene J. Austin sued their sister, Irene A. Waters, alleging she had influenced Mrs. Austin to convey certain real property "against her will" with intent to deprive them of "their right to inherit." Mrs. Austin was deceased and her children were residuary beneficiaries under her will, in addition to being her heirs. Significantly, the action was brought at law for damages and did not seek the equitable remedy of having the conveyance set aside. Mrs. Waters demurred to the complaint.

In sustaining the demurrer, the court first addressed the argument of the children, "to the effect that a cause of action existed in favor of Mrs. Austin, which either survived her

---

[2] In the Statement of the case on appeal, the parties stipulate that the action was instituted "upon the causes of action of fraud and undue influence."

[3] In fairness to the trial judge, we note the record does not reflect that *Page* was called to his attention.

death or was bequeathed to all of her children under the residuary clause." The court rejected this argument, holding that whereas, under the allegation of her complaint, Mrs. Austin has a cause of action during her lifetime either in equity to set the conveyance aside or for damages for the alleged fraud perpetrated upon her, the complaint was not based on either of these causes. Instead, the children had complained of being "deprived of their right to inherit" and this was obviously not a cause of action ever possessed by Mrs. Austin and therefore could not have survived her or have been subject to disposition under her will. The court then went on to hold that during the lifetime of an ancestor there are no heirs and, for this reason, the right to inherit during the life of an ancestor does not exist.

Finally, the court observed obiter dictum, that even if it were to suppose the children had brought their suit "in tort as one belonging to Mrs. Austin," the cause of action would have survived her death under the survival statute. This is consistent with the settled law in South Carolina that a cause of action for fraud does not survive. *Mattison v. Palmetto State Life Ins. Co.*, 197 S. C. 256, 15 S. E. (2d) 117 (1941). *See also Schneider v. Allstate Insurance Company*, 487 F. Supp. 239 (D. S. C. 1980) (cited by the trial judge in the instant case for this proposition).

## B

### The *Page* case.

In *Page*, J. M. Lewis, prior to his death, instituted two suits against J. T. Lewis and others "to set aside and cancel, on the ground of fraud and undue influence, certain deeds and assignments of mortgages made by him to the defendants; an accounting was demanded of the rents collected, and other equitable relief was prayed for." Significantly, the relief which he sought was equitable only and his suit was not brought at law for damages. J. M. Lewis then died leaving R. E. Page and Sarah Chesnut as his heirs. Page and Chesnut moved for an order substituting themselves and the administrator of J. M. Lewis's estate as plaintiffs. The defendants resisted this motion and moved instead that the suits be ordered abated and dismissed. They argued the cause of action did not survive because its survival is not provided for by

statute. The trial judge rejected this argument, granting the motion of Page and Chesnut and denying the motion of the defendants.

In affirming the trial judge, the Supreme Court first noted that survival statutes added to, but did not diminish, the causes of action which survived at common law. The court went on to observe that the common law rule that personal causes of action do not survive was not generally applied to equity cases. The court then held explicitly that the "causes of action for rescission or cancellation of a deed or contract for fraud descends to the heirs if they existed in the ancestor unimpaired at the time of his death."[4]

Finally, as a rational basis for its holding, the court quoted with approval the order of the trial judge as follows:

> If a cause of action in equity for the cancellation of a conveyance procured through fraud does not survive the death of the person who was thus defrauded, then any person could defraud a man out of his land or other property shortly before his death, or procure a deed from an insane person, and upon the death of the person thus defrauded, the perpetrator of the outrage could openly proclaim his own guilt without any fear of having to disgorge his ill gotten gains. To state such a proposition is to refute it.[5]

## B

*Bemis* and *Page* reconciled.

Counsel for Mooney argued before us that the holdings of *Bemis* and *Page* are at loggerheads and we are simply called upon here to take our choice as to which one to apply. If this be so, we choose *Page*. However, we are of the opinion that the two cases can be reconciled with each

---

[4] After reaching this conclusion, the court said the holding of *Bemis* was "not controlling" because the plaintiffs in the case based their claim, not on a cause of action which their ancestor had, but rather upon their alleged "right to inherit." The court did not specifically address the *Bemis* dictum that a cause of action for fraud does not survive.

[5] Thus, the trial judge and our Supreme Court apparently adopted the logic of Lord Justice Grose when he said, "I have have so great a veneration for the law as to suppose that nothing can be the law which is not founded in common sense or common honesty." *Pasley v. Freedman*, King's Bench, 1789, 3 T. R. 51.

other and with the result we reach in the instant case. We also believe it important that these cases be reconciled so as to avoid future misunderstanding.

The holding in *Bemis* is that heirs cannot maintain a suit for fraud perpetrated upon their ancestors based upon an alleged "right to inherit," because no such cause of action was possessed by their ancestor and therefore cannot survive. The dictum in *Bemis*, restated in *Mattison* and *Schneider*, stands for the proposition that heirs cannot maintain a suit at law seeking damages for fraud perpetrated upon their ancestors, because the cause of action did not survive at common law and its survival is not provided for by statute.

The holding in *Page* is that heirs can maintain a suit in equity to set aside a conveyance for fraud perpetrated upon their ancestor because the common law rule that personal causes of action do not survive was not applied in equity cases, and therefore it is of no consequence whether survival of the cause of action is provided for by statute.

Unlike the instant case, the suit in *Bemis* was brought at law seeking damages based on an alleged "right to inherit," a cause of action not possessed by the ancestor of the plaintiffs.

Like the instant case, the suit in *Page* was brought in equity to set aside certain conveyances for fraud allegedly perpetrated upon the ancestor of the plaintiffs, a cause of action which was possessed by their ancestor prior to death.

For these reasons, we hold the trial judge erred in sustaining the demurrer of Mooney, a result consistent with the holding of *Page* and not inconsistent with either the holding or dictum of *Bemis*.

## II

We now address the jurisdictional issue presented by Mooney in his brief on appeal. He argues the Circuit Court lacked jurisdiction because the heirs of Hester, not the administrators of his estate, are the real parties in interest who must bring this action.

Unless a real party in interest or one who falls within statutory exception institutes suit, the court is without jurisdiction. *Wilson v. Gibbes Machinery Co.*, 189 S. C. 426, 1 S. E. (2d) 490 (1939).

Section 15-5-70 of the 1976 Code of Laws of South Carolina

provides in part: "Every action must be prosecuted in the name of the real party in interest except as otherwise provided in § 15-5-80." The pertinent portion of section 15-5-80 further provides: "An executor or administrator, a trustee of an express trust or a person expressly authorized by statute, may sue without joining with him the person for whose benefit the action is prosecuted."

In light of the exception for administrators provided by ■ section 15-5-80, we hold the Circuit Court had jurisdiction in this case. *See also Page* (continuance of an action affecting real property alone may be in the name of a personal representative where authorized by statute).

Accordingly, the order of the trial judge is reversed and this case is remanded to the Circuit Court for trial on its merits.

Reversed and remanded.

GARDNER and GOOLSBY, JJ., concur.